MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY  10007
Telephone: (212) 637-2745
Facsimile:  (212) 637-2686
Email:  joseph.cordaro@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CAROLE WALKER,

        Plaintiff,

        v.

THE UNITED STATES POSTAL SERVICE and
THE UNITED STATES OF AMERICA,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. 1820 (BSJ) (DFE)
ECF Case

**ANSWER**

        Defendants the United States Postal Service and the United States of America, by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answer the complaint of plaintiff Carole Walker ("plaintiff") upon information and belief as follows:

        1.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the complaint.

        2.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the complaint, except admit that an administrative claim, dated March 30, 2007, was filed with the United States Postal Service.

        3.     Admit the allegations in paragraph 3 of the complaint.

4. Paragraph 4 of the complaint sets forth plaintiff's characterization of this action, to which no response is required. To the extent a response is required, admit that the United States denied plaintiff's administrative claim, and respectfully refer the Court to the docket of this action for a true and accurate statement of its contents.

5. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the complaint, except admit that on January 19, 2007, the United States Postal Service owned and maintained postal motor vehicles.

6. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint, except admit that on January 19, 2007, the United States of America owned and maintained motor vehicles.

7. Deny the allegations of paragraph 7 of the complaint, except admit that contact between plaintiff and a vehicle occurred on January 19, 2007.

8. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint, and aver that based upon the investigation to date, defendants are not certain that the vehicle involved in the alleged accident was owned, operated, maintained and controlled by defendants.

9. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint, and aver that based upon the investigation to date, defendants are not certain that the vehicle involved in the alleged accident was owned, operated, maintained and controlled by defendants.

10. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint, except admit that an accident took place at or near the intersection of 149th Street and St. Anne's Avenue, Bronx, New York.

11.	Deny the allegations in paragraph 11 of the complaint.

12.	Deny the allegations in paragraph 12 of the complaint.

13.	Paragraph 13 of the complaint sets forth a legal conclusion, to which no response is required. To the extent a response is required, deny the allegations in paragraph 13 of the complaint.

14.	Paragraph 14 of the complaint sets forth plaintiff's damages demand, to which no response is required. To the extent a response is required, deny that plaintiff is entitled to damages.

15.	Plaintiff is not entitled to a jury trial under the Federal Tort Claims Act. 28 U.S.C. § 2402.

## FIRST DEFENSE

Plaintiff's injuries, if any, were sustained without any negligence or fault or want of due care by defendant the United States of America or its employees.

## SECOND DEFENSE

The injuries and damages alleged in the complaint were not proximately caused by a negligent or wrongful act or omission of an employee of the United States of America.

## THIRD DEFENSE

In the event the defendants are found to be negligent, which negligence defendants deny, the negligence of plaintiff contributed to plaintiff's injury, and any recovery must be proportionately reduced.

## FOURTH DEFENSE

To the extent the injuries and damages alleged in the complaint were caused in whole or in part by the negligence or other acts of third parties over whom defendants exercised no control, any recovery must be proportionately reduced.

## FIFTH DEFENSE

Plaintiff has failed to mitigate her damages, if any, as required by law.

## SIXTH DEFENSE

Plaintiff's recovery, if any, must be reduced pursuant to the collateral source statute, N.Y. CPLR § 4545(c).

## SEVENTH DEFENSE

Plaintiff had knowledge of and voluntarily assumed the risks incident to the activities set forth in the complaint. The injuries alleged by plaintiff were caused by and arose out of such risks.

## EIGHTH DEFENSE

To the extent plaintiff was injured by an alleged dangerous condition of the property that was the situs of the alleged incidents, such condition was open and obvious or known to plaintiff.

## NINTH DEFENSE

Plaintiff's recovery, if any, in this action is limited to the amount stated in plaintiff's administrative claim.

## TENTH DEFENSE

Plaintiff is not entitled to a jury trial under the Federal Tort Claims Act. See 28 U.S.C. § 2402.

ELEVENTH DEFENSE

The United States Postal Service is not a proper defendant in this action. See 28 U.S.C. § 2679(a).

WHEREFORE, defendants demand judgment dismissing the complaint and granting such other and further relief as this Court deems proper, including costs and disbursements.

Dated: New York, New York
April 28, 2008

                                        Respectfully submitted,

                                        MICHAEL J. GARCIA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for Defendants

By:     s/ Joseph N. Cordaro
           JOSEPH N. CORDARO
           Assistant United States Attorney
           86 Chambers Street, 3rd Floor
           New York, NY 10007
           Telephone: (212) 637-2745
           Facsimile: (212) 637-2686
           Email: joseph.cordaro@usdoj.gov

To:    Steven Seener, Esq.
        SEENER & SEENER, ESQS.
        11 Park Place, 10th Floor
        New York, New York 10007
        Telephone: (212) 766-2050
        *Counsel for Plaintiff*